UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br>    Plaintiff,<br>    v.<br>UNIMERICA LIFE INSURANCE COMPANY,<br>    Defendant. | Case No.5:15-cv-04674-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br>Re: Dkt. No. 49 |

In this case, plaintiff sues defendant for alleged wrongful denial of disability benefits. The present discovery dispute is over the depositions of two of plaintiff's treating medical professionals: Dr. Howard Fenn ("Fenn") and Nurse Practitioner Heidi Clark ("Clark").

Plaintiff's counsel e-mailed defense counsel that she was preparing deposition subpoenas for these two and sought input on dates for his availability. She had already contacted attorneys for the prospective deponents about their availability. Defense counsel did not respond to the e-mail.

One week later plaintiff's counsel reached defense counsel by telephone, once again asked about his availability for the two depositions, and was told he would get back to her.

Shortly thereafter, the two lawyers spoke again by telephone about scheduling other depositions, and, according the plaintiff's counsel, defense counsel again begged off discussing his

availability for the depositions of Fenn and Clark.

Days later, having never responded to plaintiff's counsel's entreaties, defense counsel caused deposition subpoenas to be served on Fenn and Clark.

Plaintiff's counsel took exception to what defense counsel had done. Defense counsel, apparently without apology and with no pretense of misunderstanding the intentions of plaintiff's counsel, said---since he had been first to notice the depositions---he would be the first to question the two deponents.

Plaintiff's counsel, by contacting defense counsel about dates for her depositions of the two medical professionals, had been acting with civility and professional courtesy, a text-book example of compliance with the Court's Guidelines for Professional Conduct ("Guidelines"). By ignoring her efforts and knowingly and intentionally engaging in a sharp practice in order to secure what he perceived to be the advantage of being first to question important witnesses is a text-book example of the kind of conduct that the Guidelines aim to discourage. Even though defense counsel is "technically" correct that Civil L. R. 30-1 does not require counsel to confer about dates for depositions of non-parties before a subpoena issues, the court cannot countenance defense counsel's conduct and finds that his unprofessionalism trumps the customary prerogative that the first one to notice the deposition would be the first to question the witness. That is, Civil L.R. 30-1 does not absolve his conduct. Accordingly, plaintiff's counsel shall go first in questioning deponents Fenn and Clark.

SO ORDERED.

Dated: April 12, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

2

5:15-cv-04674-BLF Notice has been electronically mailed to:

Daniel Keenan Ryan     dryan@hinshawlaw.com, amedina@hinshawlaw.com

Joseph Andrew Creitz     joe@creitzserebin.com, joseph.creitz@gmail.com, lisa@creitzserebin.com

Lisa Sharon Serebin     lisa@creitzserebin.com

Peter John Felsenfeld     pfelsenfeld@mail.hinshawlaw.com, lkiel@mail.hinshawlaw.com, smclean@mail.hinshawlaw.com