# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>UNIMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 15-cv-04674-BLF<br><br>**ORDER DENYING STIPULATION TO EXTEND FACT DISCOVERY AND OTHER PRETRIAL DEADLINES** |

The parties filed a stipulation to amend the case schedule, subject to the Court's approval. ECF 51. The parties requested to extend the fact discovery cutoff to August 30, 2017, which impacted other deadlines. As a preliminary matter, the parties' proposed schedule sets forth the incorrect dates for the pretrial conference and trial, which are actually scheduled for February 8, 2018, and February 26, 2018, respectively. ECF 48.

The Court further finds that the parties have not made a "good cause" showing to warrant an amendment of the case schedule. Pursuant to Federal Rule of Civil Procedure 16, a party must show good cause and obtain the judge's consent to modify the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . Carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). Here, the parties merely state that they "have been unable to schedule key depositions within the time period established by the court," supposedly due to "inherent challenges in scheduling depositions during the summer months." ECF 51. However, the parties do not explain what those "inherent challenges" are and why depositions could not be timely scheduled. Hence, this is not an adequate showing of why the schedule "cannot be reasonably met

despite the diligence of the party." *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The parties also did not meet their burden to show that they acted diligently to comply with the Court's deadline but were unable to comply "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *See Clear-View Techs., Inc. v. Rasnick*, No. 13-02744-BLF, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). Accordingly, the Court DENIES the stipulation extending the pretrial deadlines set forth in the parties' proposed order.

**IT IS SO ORDERED.**

Dated: May 31, 2017

BETH LABSON FREEMAN
United States District Judge