UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIMERICA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 5:15-cv-04674-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 58 |

    Plaintiff sues Unimerica Life Insurance Company (Unimerica) for alleged wrongful denial of disability benefits. He says that he developed a debilitating mental disability and that his claim for benefits wrongfully was denied based solely on a paper file review of his claim. He also alleges, on information and belief, that defendant has a pattern and practice of denying legitimate disability claims to frustrate insured's expectations for the prompt payment of claims. Unimerica contends that plaintiff's policy is a unique one that covers only "catastrophic" disabilities (with "disability" reportedly being defined more stringently than in standard policies) and that plaintiff failed to prove that he was catastrophically disabled within the meaning of the policy.

    Plaintiff subpoenaed United Healthcare Specialty Benefits, Inc. (UHSB) for a deposition

and the production of documents. Unimerica and UHSB jointly responded to the subpoena.[1] In Discovery Dispute Joint Report (DDJR) No. 2, plaintiff seeks an order compelling the production of documents called for in Requests for Production 1-10, 12-31, and 34-37. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court grants plaintiff's request for discovery in part and denies it in part. For those requests where production is ordered, defendant shall produce all responsive, non-privileged documents within 10 days from the date of this order, along with a privilege log (to the extent any documents are withheld on the basis of a privilege or other protection).

Preliminarily, plaintiff argues that Unimerica's objections have been waived because they are boilerplate and do not satisfy the specificity required by Fed. R. Civ. P. 34. Insofar as Unimerica simply incorporated by reference its list of General Objections, wholesale, into its response to each request, those objections are waived. Plaintiff's request for a finding of waiver is otherwise denied as to the specific objections Unimerica asserted in response to each request.

The court denies defendant's request to deny plaintiff's request to compel this discovery as untimely.

**Requests 1-3**

These requests essentially seek information about the California Department of Insurance's approval of the form of plaintiff's policy (No. 1); marketing and promotional materials re plaintiff's policy (and similar ones) (No. 2); and transcripts, depositions, and sworn statements by defendant's employees, agents, contractors, and anyone acting on its behalf re the marketing, sale, underwriting, and claims for catastrophic disability policies (No. 3). Unimerica maintains its objections are proper, but now says it agrees to produce any responsive, non-privileged documents that may exist. To the extent Unimerica has not already completed its production, it shall do so within 10 days from the date of this order.

---

[1] This court is told that UHSB is Unimerica's agent that administered the subject benefits claim. For convenience, the court refers to UHSB and Unimerica collectively here as "Unimerica" or "defendant."

2

**Requests 4, 5, 29**

These requests seek information about reserves set or modified as to plaintiff's claims (Request 4); all reports showing "the financial impact of disability insurance claims that are allowed, terminated, closed, paid, put on claim, reserves set aside for new claims" from January 1, 2010 to the present (Request 5); and all documents and communications relating to UHSB's "compilation and analysis of data REGARDING and/or RELATING TO disability benefit claim submission rates, payment rates, termination rates, and denial rates, including but not limited to the total number of disability benefit claims submitted, the total number of claims paid, the total number of claims" from January 1, 2007 to the present (Request 29).

With respect to reserves, plaintiff argues that the requested discovery is relevant to show the reasonableness of defendant's investigation and evaluation of his claim. In California, insurers are required by law to set reserves, and the setting of reserves is not an automatic admission of liability on a claim. Lipton v. Super. Ct. of Los Angeles Cnty., 48 Cal. App.4th 1599, 1612-13 (1996). Even so, reserves information has been found "relevant and discoverable when it may shed light on what an insurer actually thought regarding merits of an insured's claims where there is a 'self-conscious disconnect' between the insurer's payment of benefits and its evaluation of the scope of the loss." Flintkote Co. v. Gen'l Accident Assurance Co. of Canada, No. C04-01827 MHP, 2009 WL 1457974 at *3 (N.D. Cal., May 26, 2009) (citing Bernstein v. Travelers Ins. Co., 447 F. Supp.2d 1100, 1108 (N.D. Cal. 2006)). Defendant argues that there can be no question of any "self-conscious disconnect" here, stating that its reserves are based on aggregate information, limited claim information, and no facts specific to plaintiff's claim, and are unknown to claims and appeal unit managers. However, plaintiff contends that defendant acted in a manner suggesting a possible self-conscious disconnect, i.e., that Unimerica intentionally and unjustifiably denied benefits that it knew (or should have known) he was entitled to, in order to boost its own profits. This court is persuaded that reserves information is discoverable here, and plaintiff's motion to compel as to Request 4 is granted.

Nevertheless, plaintiff has failed to convince that the very wide-ranging discovery sought by Requests 5 and 29 are proportional to the needs of the case, Fed. R. Civ. P. 26(b), and his

3

motion to compel that information is denied.

**Request 6**

This request asks for all documents made available to Unimerica employees, contractors, and agents for the administration of disability benefit claims, including those that refer or relate to how the terms of plaintiff's policy are to be interpreted, construed, or applied. Defendant opposes this discovery on the grounds that its policies and procedures are confidential and proprietary, are not specific to any plan or plaintiff's claim, and were not relied on in denying plaintiff's claim. The court is not persuaded by these arguments and concludes that Request 6 seeks information falling within the parameters for appropriate discovery under Fed. R. Civ. P. 26(b)(1). The stipulated protective order is sufficient to address any concerns about confidential or proprietary information. Plaintiff's request to compel this discovery is granted.

**Requests 7-10, 12-17, 30, 31[2]**

Broadly speaking, these requests seek information about defendant's business practices.

Requests 7-9, 12, and 14 essentially seek information about guidelines and procedures re employee/contractor/agent targets, goals, and expectations with respect to disability claims, as well as performance reviews, compensation, bonuses, and awards for those who processed or administered plaintiff's claim, their supervisors, and their organizational units. Plaintiff's request to compel this discovery is granted. See, e.g., Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 183-85 (E.D. Pa. 2004); Welle v. Provident Life & Accident Ins. Co., No. 3:12-cv-3016 EMC (KAW), 2013 WL 6020763 at *1 (N.D. Cal., July 31, 2013). Defendant now argues that such records are protected by privacy interests, but it made no such objection in response to these requests and, as discussed above, Unimerica's wholesale incorporation of its General Objections is insufficient to preserve that objection. In any event, this court finds that plaintiff has demonstrated a compelling need for this discovery and that the stipulated protective order is sufficient to address employees' privacy rights.

Request 10 basically seeks discovery of documents that refer or relate to the training of

---

[2] This set of requests includes a misnumbered Request "6." The parties refer to the requests as numbered by plaintiff, so this court does the same.

employees, contractors, and agents with respect to disability claims. Unimerica argues that it does not maintain written training materials that are specific to plaintiff's claim or that tell claims personnel to pay or deny claims based on any particular criteria. The court nonetheless finds the requested documents appropriate for discovery, and defendant shall produce them. Plaintiff's request for this discovery is granted.

Requests 13, 15, and 17 ask for job descriptions for employees, contractors, and agents who were responsible for handling plaintiff's claim, as well as the job descriptions for one Stephanie M. Foley and one Jeffrey Weeks. Unimerica agreed to produce documents, but plaintiff claims it has not yet done so. To the extent Unimerica still has not completed its production, it shall do so within 10 days from the date of this order.

Request 16 seeks documents and communications referring or relating to the job description of one Laura B. Parker. Unimerica responded that it has no responsive documents in its possession, custody, or control. Plaintiff has not provided this court with any basis to question Unimerica's representation. His request to compel this discovery is denied.

Request 30 seeks all documents and communications referring or relating to the "number of claims investigated, evaluated, handled, determined, reviewed and/or administered by Stephanie M. Foley, and of that number of claims, the number of claims in which benefits were approved and paid, and the number of claims in which benefits were denied from 2007 to the present." Request 31 asks for the same information as to Parker. Plaintiff's request for this discovery is granted, but the requests are limited to disability claims and the plan in question.

**Requests 18-28**

These requests seek an array of information about Unimerica's relationship with its medical consultants. SALT Associates, Professional Disability Associates, and University Disability Consortium are identified as the consultants who reviewed plaintiff's claim. Much of this discovery, says plaintiff, is relevant to uncover any possible bias by the consultants who reviewed his claim. See, e.g., Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1011 (9th Cir. 2004).

There are several requests that can be readily disposed of:

- Requests 20 and 22: Unimerica says it agrees to produce its contracts with Professional Disability Associates and University Disability Consortium. To the extent it has not already done so, Unimerica shall produce all responsive, non-privileged documents within 10 days from the date of this order.
- Request 26 seeks documents and communications relating to the review, appraisal, or evaluation of any in-house or contracted medical review of plaintiff's claim, including those by a Dr. Melvyn Attfield and a Dr. Stuart Shipko. Unimerica's response states that all non-privileged responsive documents were produced as part of its Initial Disclosures. Plaintiff has not provided this court with any basis to question that representation. His request to compel this discovery is denied.

As for Request 18, plaintiff's request to compel production of Unimerica's contracts with SALT Associates is granted. It is unclear why defendant agreed to produce contracts with the other two consulting companies, but not this one. In any event, the court finds that this discovery is relevant and proportional to the needs of this case.

Requests 19, 21, and 23 seek all Forms 1099 issued to SALT Associates, Professional Disability Associates and University Disability Consortium for the period January 2, 2012 to the present. Plaintiff's request for this discovery is granted, with the following limitations: The production shall be limited to those individuals who reviewed plaintiff's claim and to 1099s issued in connection with his claim. Unimerica states that it has already produced the 1099s for a Dr. Stuart Shipko, and Unimerica need not re-produce documents it has already given plaintiff. Unimerica says it has no 1099s for Dr. Melvyn Attfield (identified as an internal salaried consultant), and the court cannot compel the production of something that does not exist.

Requests 24 and 25 seek all documents and communications relating to the number of disability benefit claims administered by Unimerica that were referred to Dr. Attfield and to Dr. Stuart, for the period January 1, 2007 to the present. Defendant says that for external reviewers, it does not refer claims to vendors for evaluation by a specific physician and does not control the roster of reviewers that may be assigned to a claim by outside vendors. The court nonetheless finds the requested documents appropriate for discovery, and defendant shall produce them.

However, the request is limited to documents sufficient to show the numbers sought in these requests.

Requests 27 and 28 seek all documents and communications relating to medical reviews authored by Dr. Attfield and by Dr. Shipko for Unimerica disability claims, for the period January 1, 2007 to the present. Unimerica objected to this discovery on a number of grounds, including that the requested information is irrelevant, overbroad, and unduly burdensome. Defendant says it does not categorize claim files based on the identity of the reviewer, and therefore cannot provide a response without conducting a manual search of all potentially responsive claim files. Plaintiff has not persuasively demonstrated that this discovery is proportional to the needs of this case, and his request for an order compelling this discovery is denied. Fed. R. Civ. P. 26(b)(1).

**Requests 34-37**

These requests seek prior testimony (i.e., all affidavits, declarations, depositions, and transcribed trial testimony) of Foley, Parker, Dr. Attfield, and Dr. Shipko. Plaintiff posits that such documents might reveal "prior inconsistent statements, knowledge of duties, and/or knowledge of corporate policies and practices regarding claims handling." Although he cites cases in which other courts have allowed such discovery, plaintiff has not convincingly demonstrated that this discovery is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). His request to compel this discovery is denied.

SO ORDERED.

Dated: August 2, 2017

HOWARD R. LLOYD
United States Magistrate Judge