UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>UNIMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:15-cv-04674-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 3**<br><br>Re: Dkt. No. 73 |

Claiming breach of contract and bad faith, plaintiff sues Unimerica for denying him benefits under a catastrophic disability policy. Laura Parker ("Parker") is a disability insurance appeals specialist who worked for a consulting services vendor called Salt Associates. Plaintiff appealed after Unimerica's initial denial of benefits, and Unimerica retained Parker to handle the appeal. Parker reviewed the claim file, obtained independent review of the medical records, and ultimately decided the appeal. She wrote and signed the letter denying the appeal.

At some point in this litigation, plaintiff's attorney contacted Parker and interviewed her. The upshot was that Parker executed a declaration about her handling of plaintiff's appeal. The court has not seen the declaration, but it is a good bet that it contains statements that plaintiff's counsel deemed favorable.

Having come into possession of the Parker declaration, Unimerica's counsel took her

deposition as a fact witness. Defendant asserts that, when it was plaintiff's turn to cross-examine, Parker was asked questions calling for expert opinion. The court is told that the parties stipulated to a standing objection that defendant reserved all evidentiary objections, including any pertaining to improper opinion testimony. Then, according to the transcript, defense counsel stated and plaintiff's counsel agreed, as follows:

> Defense Counsel: It is our position that you are eliciting expert witness testimony from this witness. And, we reserve the right specifically to re-depose her in the event that the plaintiff elects to retain Ms. Parker as a testifying opinion witness. Thank you.
>
> Plaintiff's Counsel: I have no problem with that.

(Dkt. 73 DDJR 3 at 3).

Several months later, plaintiff designated Parker as a "percipient expert" pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Plaintiff's counsel said her expert testimony would "expound upon" her declaration and her previous deposition testimony.

In response, defendant noticed Parker's deposition (and apparently issued a subpoena). Plaintiff's counsel refused to cooperate, arguing defendant had plenty of opportunity at the earlier deposition to question Parker extensively about her opinions and that a second deposition would merely be a rehash. And, a court order would be required before a second deposition could be taken.

This court is convinced that defendant should have a second deposition of Parker. First, both parties' counsel agreed to it. Second, even if they had not agreed, it would only be fair to afford defendant the opportunity to question her in her "new" capacity as an expert. And, the taking of such a deposition is, obviously, without prejudice to Unimerica to seek strike her "expert" designation or to exclude "expert" opinions from her testimony at trial. The Parker deposition should be arranged and taken forthwith. If necessary, defendant can have her served with a proper subpoena to compel her attendance where she lives. Plaintiff's request for sanctions

is denied.[1]

SO ORDERED.

Dated: October 18, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The consequences of whether or not Parker will appear for trial and the questions of what trial use may be made of her first and second depositions are for the presiding judge to address on another day.