**Creitz & Serebin LLP**

Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
CREITZ & SEREBIN, LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)

Glenn R. Kantor, CBN 122643
gkantor@kantorlaw.net
Corinne Chandler, CBN 111423
cchandler@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA 91324
818.886.2525 (tel)
818.350.6272 (fax)

Attorneys for Plaintiff

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIMERICA INSURANCE COMPANY,<br><br>Defendant. | Case No.: C 15-04674 BLF<br><br>PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF OPINIONS OF BARBARA K. MUELLER |

*KANELLAKOPOULOS v. UNIMERICA* – Case No. C 15-04674 BLF
Plaintiff's Motion in Limine No. 5 to Exclude Barbara K. Mueller

1

Plaintiff hereby gives notice that he will and hereby does move this Court *in limine* to exclude in its entirety the report and testimony of Defendant's expert, Barbara K. Mueller. A motion *in limine* is a proper vehicle to exclude expert testimony. *Jimenez v. Sambrano*, 2009 WL 2382622, *1, *3 (C.D. Cal. 2009). This motion is based upon the expert report of Ms. Mueller produced in this litigation, and pursuant to the Rule 702 of the Federal Rules of Evidence and the authorities cited herein.

## INTRODUCTION

Federal Rule of Evidence 702 permits a witness qualified as an expert to testify only if four conditions are met: (1) the expert's specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Ms. Mueller's testimony fails to meet any of these conditions and should be excluded by the Court.

Defendant disclosed Ms. Mueller as a purported insurance expert pursuant to Fed. R. Civ. P. 26(a)(2). Mueller purports to opine that Defendant's claim handling in this case was reasonable. She also improperly opined that "there was no unreasonable denial or withholding of benefits." Her testimony and opinions are not calculated to, and will not "assist the trier of fact" as required by FRE 702. To the contrary, her testimony would usurp both the Court's function as interpreter of the policy, and the jury's function as the ultimate trier of fact. Her testimony, report, and opinions, therefore, should be excluded. *U.S. v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994) (cited with approval in *Muhktar v. Cal. State Univ.*, 299 F.3d 1053 (9th Cir. 2002)).

## ARGUMENT

### A. MS. MUELLER'S PROFFERED TESTIMONY USURPS THE FUNCTIONS OF THE COURT AND JURY.

When an expert tells the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. *Mukhtar*, 229 F.3d at 1066, n.10 (9th Cir. 2002) ("an expert witness cannot give an opinion as to her *legal conclusion*, i.e. an opinion on an ultimate issue of law") (citation and internal quote marks omitted). An ostensible insurance bad-faith expert is not permitted to apply the law to the facts of the case to form and offer legal conclusions. *See Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (rejecting the testimony of a purported bad faith insurance expert on the grounds that the insurer's bad faith is an issue that the jury is fully capable of assessing for itself, and the expert's testimony "would not even marginally 'assist the trier of fact.'"); *see also Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F. Supp. 2d 1212, 1217 (D. Kan. 2002).

Yet here, Mueller's report does exactly that. Her report is littered with legal conclusions that Defendant's conduct was "reasonable" – usurping the jury's role to apply the law to the facts. In but one of the examples of Ms. Mueller usurping the jury's role, she states, "[i]t is my opinion that it was reasonable for Unimerica to conclude on completion of its reviews that Mr. Kanellakopoulos was not Catastrophically disabled according to the terms of the Catastrophic DI Policy" – improperly opining on one of the most critical ultimate legal issues in the case.

Another example of Ms. Mueller's impermissible legal conclusions usurping the Court and jury is her statement that "Unimerica accorded the interests of the insured the same consideration as its own interests." In so opining, Ms. Mueller tracks the legal terminology that goes to the core of liability issues on bad faith and punitive damages. *See, e.g. Duncan,* 42 F.3d at 101 (noting particular concern with "highly prejudicial" legal conclusions of expert in an earlier case who "repeatedly tracked the exact language of

the statutes and regulations which the defendant had allegedly violated and used judicially defined terms…in opining on the defendant's conduct.").

Not only does Ms. Mueller usurp the jury's role, she also purports to tell the Court how the policy should be interpreted insofar as she opines that it was reasonable for Defendant to determine that Plaintiff was not entitled to benefits within the meaning of the policy. For example, in support of her conclusion that Defendant acted reasonably in determining Plaintiff was not disabled within the meaning of the policy, Ms. Mueller - incorrectly - interprets the policy to require an inability to work and medical evidence of disability – two things clearly not required by the policy, as noted by the Court in its Order denying Defendant's Motion for Summary Judgment (Dkts. 137 and 144).

  B. MS. MUELLER'S OPINIONS LACK A VALID METHODOLOGY AND ARE PURELY SPECULATIVE.

Ms. Mueller's opinions lack a valid methodology and are purely speculative. Expert testimony is not admissible if it is speculative, unsupported by sufficient facts or contrary to the facts of the case. *Whisnant v. United States*, 2006 WL 2927732, at *2 (W.D. Wash. 2006). "Rule 702 requires that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsupported speculation and subjective beliefs.' *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829-30 (9th Cir. 2001) (finding expert's testimony was properly excluded where there was no factual basis for expert's assumption). The methodology must (1) be susceptible to substantiation or objective validation; (2) have been endorsed by the expert or other experts in the field in a published or peer-reviewed writing; (3) be subject to standards controlling accuracy; (4) have widespread acceptance.

Ms. Mueller's opinions are based on no such methodology. Her report consists of nothing more than conclusory statements that Defendant's conduct in this case was reasonable, without any reference to any underlying methodology or reasoning

*KANELLAKOPOULOS v. UNIMERICA* – Case No. C 15-04674 BLF
Plaintiff's Motion in Limine No. 5 to Exclude Barbara K. Mueller

1  supporting her boilerplate conclusions. She fails to offer any explanation as to how any
2  of her opinions were derived, much less identify a methodology that is objective,
3  endorsed in a published or peer-reviewed writing, subject to standards controlling
4  accuracy and widely accepted in the field. There is simply no standard or criteria that
5  Ms. Mueller applies to her subjective personal inferences that Defendant acted
6  reasonably in this case.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court exclude the report, opinions, and testimony of Ms. Mueller, Defendant's insurance expert; or at a minimum, constrain and limit her testimony so as not to confuse and/or prejudice the jury.

Dated January 25, 2018.

CREITZ & SEREBIN LLP
KANTOR & KANTOR LLP


By    /s/ Lisa S. Serebin
      Lisa S. Serebin
      Joseph A. Creitz
      Glenn R. Kantor
      Corrine Chandler
      Attorneys for Plaintiff