TRAVIS WALL (SBN 191662)
twall@hinshawlaw.com
PETER J. FELSENFELD (SBN 260433)
pfelsefeld@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

DANIEL K. RYAN (SBN 6196616) *Pro Hac Vice*
dryan@hinshawlaw.com
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:    312-704-3000
Facsimile:    312-704-3001

Attorneys for Defendant
UNIMERICA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>                 Plaintiff,<br><br>vs.<br><br>UNIMERICA LIFE INSURANCE<br>COMPANY,<br><br>                 Defendant. | Case No. 15-CV-04674-BLF<br><br>**DEFENDANT UNIMERICA LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF OPINIONS OF BARBARA K. MUELLER**<br><br>Complaint Filed:  October 8, 2015<br><br>Trial Date:    February 26, 2018<br>Time:        9:00 a.m.<br>Courtroom:    3, 5th Floor |

# I.  INTRODUCTION

Unimerica's bad faith expert, Barbara Mueller, has over 40 years of insurance experience, including two years as Vice President of Disability Insurance for a major life insurance company, 15 years as head of its Life, Health and Disability Claims Operations and five years as head of its Disability Underwriting Operation. In addition, she has 20-years of experience as the owner and operator of insurance and management consulting business specializing in disability insurance issues.

This extensive experience qualifies Mueller to testify about whether Unimerica's analysis and evaluation of this claim was reasonable, appropriate, and consistent with disability insurance industry standards and practices. Claiming that her opinions lack a scientific methodology and are unreliable, Plaintiff nevertheless moves to exclude her from testifying at all. The standards Plaintiff cites do not even apply to the type of expert testimony Mueller is providing. The reliability of her testimony is not contingent upon a particular methodology or technical framework but upon her extensive knowledge and experience in the insurance industry.

Nor does her proposed testimony improperly usurp the functions of the Court and jury. She is not offering any opinions about ultimate issues of law or how the policy should be interpreted, but rather about whether Unimerica's claims decision was reasonable and consistent with industry standards. Those are proper subjects of expert testimony for an insurance bad faith expert.

# II.  DISCUSSION

## A.  Mueller's Proposed Testimony Satisfies Daubert's Reliability and Methodology Standards

Plaintiff moves to exclude Barbara Mueller's testimony, in part, because it ostensibly "lacks a valid methodology" and is not "susceptible to substantiation or objective validation," including requirement that the methodology be endorsed in "peer reviews." Plaintiff's MIL No. 5 at 4-5. As the Ninth Circuit has noted, these technical standards do not apply to the type of expert testimony Mueller is providing regarding claims handling and insurance industry standards. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (holding that insurance bad faith expert's testimony about industry standards was admissible and not contingent upon a

particular methodology or technical framework).

Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999), require that the judge apply a gatekeeping role "to all forms of expert testimony, not just scientific testimony." *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002). That said, "far from requiring trial judges to mechanically apply the *Daubert* factors – or something like them – to both scientific and non-scientific testimony, *Kumho Tire* heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

Indeed, as the Ninth Circuit held in *Hangarter*, a "trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Hangarter*, 375 F.3d at 1017 (citation omitted). With respect to the reliability of non-scientific opinions such as Mueller's, the "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Id.* at 1017 (emphasis in original); *see also Kumho Tire*, 526 U.S. at 150 ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases. . . . In other cases, the relevant reliability concerns may focus upon *personal knowledge or experience*." (emphasis added)).

Given that, unlike scientific or technical testimony, the reliability of Mueller's testimony is not contingent upon a particular methodology or technical framework, her proposed testimony is "reliable" based on her extensive knowledge and experience in the insurance industry.

### B. Mueller's Proposed Testimony Does not Usurp the Roles of the Court or the Jury

Plaintiff complains that Mueller provides testimony that Unimerica's handling of the claim was reasonable and consistent with industry standards. There is no prohibition on an insurance bad

3

faith expert providing testimony about whether an insurer's claims handling and its decision were "reasonable" under the circumstances of the case and industry standards. Contrary to Plaintiff's argument, that is not an ultimately issue of law. She is testifying about industry standards and reasonableness in the context of those standards. Those are factual and not legal issues. *See*, *e.g.*, *Hangarter*, 375 F.3d at 1016; *Federated Life Ins. Co. v. Walker*, 1997 U.S. Dist. LEXIS 566, at *41 (E.D. Pa. Jan. 17, 1997) (admitting an expert report from Barbara Mueller regarding whether an insurer's conduct complied with insurance industry standards).

"'It is well-established . . . that expert testimony concerning an ultimate issue is not per se improper.'" *Hangarter*, 375 F.3d at 1016 (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)). Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible *is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.*" (emphasis added). This situation is analogous to that in *Hangarter*, in which the Ninth Circuit held that a bad faith expert could testify about whether the insurer's conduct was consistent with industry standards and complied with the laws regarding claims handling, so long as the expert did expressly offer an opinion that the insurer "actually acted in bad faith." *Hangarter*, 375 F.3d at 1016. Mueller is providing opinions about reasonableness and industry standards not the ultimate legal issue of whether Unimerica acted in "good faith."

Nor is it improper for Mueller to evaluate the appropriateness claims analysis and decision in light of the catastrophic disability policy's terms. She will not be instructing the jury about how the policy should be interpreted. That is a role for the Court. But the policy language is a factor that should be considered in deciding whether an insurer's conduct is reasonable and consistent with industry standards. The reasonableness of an insurer's conduct cannot be evaluated in a vacuum and without reference to the specific coverage terms in dispute.

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion in limine to exclude the testimony of Barbara Mueller should be denied.

Dated: February 1, 2018

HINSHAW & CULBERTSON LLP


By: _/s/ Peter J. Felsenfeld_
TRAVIS WALL
PETER J. FELSENFELD
DANIEL K. RYAN *Pro Hac Vice*
Attorneys for Defendant
UNIMERICA INSURANCE COMPANY