# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>UNIMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 15-cv-04674-BLF<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>[Re: ECF 149-161] |

The Court held a Final Pretrial Conference on February 15, 2018, at which time it issued oral rulings on the parties' motions in limine. Those rulings are summarized as follows:

## PLAINTIFF'S MOTIONS IN LIMINE

**(1)** **Plaintiff's Motion in Limine No. 1 to Sequester Non-Expert Witnesses**

Plaintiff moves to exclude all non-expert witnesses from the courtroom when they are not testifying, with the exception of Plaintiff and a single representative of Defendant. When a party so requests, "the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The rule does not authorize exclusion of a party who is a natural person or the representative of a party that is not a natural person. *Id.* Defendant does not object to Plaintiff's motion generally, but it wishes to have two representatives attend the trial.

The motion is GRANTED with the modification that Defendant may have two representatives in the courtroom during trial.

**(2) Plaintiff's Motion in Limine No. 2 to Exclude Questioning Regarding and Evidence of Plaintiff's Lack of Need for Hospitalization, Involuntary Confinement, Law Enforcement Intervention, Guardian Ad Litem, and/or Neuropsychological Testing**

Plaintiff moves to exclude questioning or evidence regarding Plaintiff's lack of need for hospitalization, involuntary confinement, law enforcement intervention, a guardian ad litem, or neuropsychological testing. Plaintiff argues that such evidence is irrelevant because he is not required to prove that he needed any of those interventions in order to establish coverage. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). He also argues that any probative value of such evidence would be outweighed by its prejudicial effect. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice. . . .").

The Court concludes that the evidence in question is probative as to whether Plaintiff had a cognitive impairment and/or needed assistance or verbal cueing, all of which he must prove in order to establish coverage under the policy. The probative value of the evidence is not outweighed by its prejudicial effect.

The motion is DENIED.

**(3) Plaintiff's Motion in Limine No. 3 to Exclude Expert Testimony and Evidence of Opinions of Richard Perrillo, Ph.D.**

Plaintiff moves to exclude the report and testimony of Defendant's expert, Richard Perrillo, Ph.D., under Federal Rule of Evidence 702, governing testimony by expert witnesses, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

As to relevance, the Court must determine "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591 (internal quotation marks and citation omitted). Dr. Perrillo, a psychologist and experienced clinician, offers opinions regarding Plaintiff's asserted cognitive impairment and need for assistance or verbal cueing. Because those issues go to the heart of

Plaintiff's claim, Dr. Perrillo's opinions are relevant.

As to reliability, the Supreme Court has articulated four non-exclusive factors that may be considered by trial courts: (1) whether the theory or technique used by the expert "can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error"; and (4) whether there is "general acceptance" of the theory or technique in the "relevant scientific community." *Daubert*, 509 U.S. at 593-94. The reliability inquiry is a flexible one, and "whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999). Here, the *Daubert* factors are not a good fit for Dr. Perrillo's opinions. However, based on his education, training and experience as a psychologist and clinician, the Court concludes that Dr. Perrillo is qualified to opine regarding Plaintiff's asserted cognitive impairment and need for assistance or verbal cueing. *See Primiano v. Cook*, 598 F.3d 558, 566-67 (9th Cir. 2010) (focusing on physician's experience rather than the *Daubert* factors in determining admissibility of expert opinion). It is not clear that Dr. Perrillo likewise is qualified to opine on Plaintiff's medications, as Dr. Perrillo does not appear to be a medical doctor. Defendant is advised that a proper foundation must be laid for any testimony regarding medications.

The Court is unpersuaded by Plaintiff's contention that Dr. Perrillo's methodology – a review of Plaintiff's records – was unreliable because Dr. Perrillo did not examine Plaintiff in person. Given Plaintiff's assertion that his catastrophic disability terminated in June 2014, it is unclear what relevant information Dr. Perrillo could have obtained from an examination taken years later. Dr. Perrillo necessarily had to rely on records dating back to the time period in which Plaintiff's alleged disability manifested. Moreover, many courts have upheld claims decision based on an expert's review of the paper file. *See, Kushner v. Lehigh Cement Co.*, 572 F. Supp. 2d 1182, 1192 (C.D. Cal. 2008) ("Plaintiff's position is further undermined by the wide acceptance in ERISA and disability cases of record reviews by psychiatrists and other doctors, without in person examinations, to uphold the propriety of claims decisions based on such reviews.") (collecting cases). That Dr. Perrillo did not personally examine Plaintiff goes to the

3

weight of his testimony rather than its admissibility.

The motion is DENIED.

**(4)  Plaintiff's Motion in Limine No. 4 to Exclude Expert Testimony and Evidence of Opinions of Ronald Butters**

Plaintiff moves to exclude or limit the testimony of Defendant's linguistics expert, Ronald Butters, Ph.D. Defendant disclosed Dr. Butters in rebuttal to Plaintiff's linguistics expert, Robert Leonard, Ph.D. Because Plaintiff has not identified Dr. Leonard on his witness list, Defendant does not object to the exclusion of Dr. Butters.

The motion is GRANTED.

**(5)  Plaintiff's Motion in Limine No. 5 to Exclude Expert Testimony and Evidence of Opinions of Barbara K. Mueller**

Plaintiff moves to exclude the report and testimony of Defendant's expert, Barbara K. Mueller, under Federal Rule of Evidence 702 and *Daubert*. Ms. Mueller is an insurance expert who offers opinions regarding Defendant's handling of Plaintiff's claim. Plaintiff's challenge requires the Court to evaluate the relevance and reliability of Ms. Mueller's testimony. *See Daubert*, 509 U.S. at 589.

The Court is satisfied that the proffered testimony is relevant to Plaintiff's bad faith claim, which turns on the reasonableness of Defendant's conduct in handling Plaintiff's insurance claim. Ms. Mueller is qualified to testify regarding industry standards and practices, as she has more than 40 years of experience in the insurance field, including 20 years operating a business specializing in disability insurance issues. The Ninth Circuit has held that insurance experts with similar qualifications satisfy the *Daubert* reliability prong. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004) ("Given that, unlike scientific or technical testimony, the reliability of Caliri's testimony was not contingent upon a particular methodology or technical framework, the district court did not abuse its discretion in finding Caliri's testimony reliable based on his knowledge and experience."). The Court is satisfied that as a general matter Ms. Mueller is qualified to offer relevant testimony in this case.

Plaintiff argues that, based on Ms. Mueller's report, it appears that the particular opinions

4

she will offer at trial go to the ultimate question of Defendant's reasonableness and thus usurp the functions of the Court and the jury. Defendant represents that Ms. Mueller's testimony will not usurp judicial or jury functions, and that her testimony will be admissible to aid the jury in its task of determining whether Defendant's conduct was reasonable.

The motion is DENIED as to the relevance and reliability of Ms. Mueller's expert testimony and DEFERRED as to the proper form of any particular question or admissibility of any particular answer.

**(6) Plaintiff's Motion in Limine No. 6 to Exclude, or in the Alternative to Limit, the Testimony of Defense Psychiatric Expert John R. Chamberlain**

Plaintiff moves to exclude or limit the testimony of Defendant's psychiatric expert, John R. Chamberlain, M.D., under Federal Rule of Evidence 702 and *Daubert*, and under Federal Rules of Evidence 401 and 403.

With respect to the *Daubert* challenge, Dr. Chamberlain's proffered testimony is relevant to critical issues in the case, whether Plaintiff was cognitively impaired and/or needed assistance or verbal cueing. The Court is satisfied that, based on his education, training, and experience, Dr. Chamberlain is qualified to offer opinions on these subjects. *See Primiano*, 598 F.3d at 566-67. The Court finds unpersuasive Plaintiff's arguments that Dr. Chamberlain is unqualified because he is not a forensic psychiatrist or because he relied on a paper review rather than an in-person examination of Plaintiff. As discussed above with respect to Dr. Perrillo, Dr. Chamberlain had no choice but to rely on Plaintiff's medical records to evaluate his alleged catastrophic disability given Plaintiff's assertion that the catastrophic disability terminated before he filed his insurance claim and before this lawsuit was filed. Moreover, courts have upheld claims decisions based on the paper review of a non-examining psychiatrist or doctor. *See Kushner,* 572 F. Supp. 2d at 1192 (collecting cases). That Dr. Chamberlain did not personally examine Plaintiff goes to the weight of his testimony rather than its admissibility.

With respect to Plaintiff's challenges under Federal Rules of Evidence 401 and 403, Dr. Chamberlain's testimony is probative of Plaintiff's claims of cognitive impairment and need for assistance and verbal cueing, and the probative effect of his testimony is not outweighed by its

prejudicial effect. *See* Fed. R. Evid. 401 (setting forth test for relevant evidence); Fed. R. Evid. 403 (evidence may be excluded when probative value outweighed by prejudicial effect).

As he does with Ms. Mueller, Plaintiff argues that Dr. Chamberlain's proffered testimony usurps the functions of the Court and the jury. As the this argument, the motion is DEFERRED until trial. Dr. Chamberlain may testify within the scope of his expertise, and Plaintiff's objections to particular testimony will be addressed on an objection-by-objection basis. The motion otherwise is DENIED.

**(7)** **Plaintiff's Motion in Limine No. 7 to Exclude Certain Testimony of Laura Parker**

Plaintiff has disclosed Laura Parker, who handled the appeal of his claim denial, as a non-retained expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). During her deposition, Ms. Parker testified that she denied Plaintiff's appeal in "good faith." Plaintiff moves to preclude Defendant from offering that testimony at trial, arguing that the testimony constitutes expert opinion for which no foundation was laid and that Defendant did not disclose Ms. Parker as an expert. Plaintiff also argues that Ms. Parker's testimony regarding her "good faith" during the claims process invades the province of the jury and would confuse the jury to a degree that any probative value of the testimony would be outweighed by its prejudicial effect under Federal Rule of Evidence 403.

The testimony in question reflects Ms. Parker's lay opinion regarding her own conduct. Defendant therefore may offer the testimony without designating Ms. Parker as an expert. The testimony does not usurp the function of the jury, nor would it confuse the jury.

The motion is DENIED.

**(8)** **Plaintiff's Motion in Limine No. 8 to Exclude Opinions of Experts not Disclosed in Discovery (Erroneously Docketed as Motion in Limine No. 7)**

Plaintiff moves to exclude the opinions of any defense experts not disclosed in discovery. Defendant states that it does not intend to introduce any such opinions and thus that it does not oppose the motion.

The motion is GRANTED. This ruling applies equally to all parties.

**(9) Plaintiff's Motion in Limine No. 9 to Exclude Questioning, Comments and Evidence Regarding "Activities of Daily Living"**

Under the insurance policy at issue, Plaintiff may establish that he was catastrophically disabled by showing *either* (1) that he lost the ability to safely and completely perform two or more "Activities of Daily Living" without another person's active assistance or verbal cueing, *or* (2) that he was cognitively impaired and needed another person's assistance or verbal cueing for his protection or for the protection of others. Because Plaintiff's claim is based solely on the second prong involving cognitive impairment, he seeks to exclude questioning, comments, and evidence regarding his ability to perform the Activities of Daily Living. Defendant opposes the motion, arguing that if Plaintiff actually had been cognitively impaired he would not have been able to perform all the Activities of Daily Living, and thus that Plaintiff's ability to perform the Activities of Daily Living is relevant to his claim.

Defendant's argument ignores the express language of the policy, which distinguishes between catastrophic disability based on inability to perform Activities of Daily Living and catastrophic disability based on cognitive impairment. Nothing in the policy suggests that inability to perform Activities of Daily Living is relevant to establishing cognitive impairment.

The Court notes that the entire policy will be entered into evidence and that the jury instructions will refer to the two alternative prongs by which an insured may establish catastrophic disability. Some questions and testimony may relate to the differences between the two prongs.

The motion is GRANTED with the qualifications set forth above.

**(10) Plaintiff's Motion in Limine No. 10 to Exclude Late-Designated Deposition Testimony**

Plaintiff asks the Court to exercise its inherent power to exclude late-designated deposition testimony. Defendant contends that it timely designated deposition testimony for all witnesses and that Plaintiff has not demonstrated prejudice from the asserted late designations.

It is not clear on this record that Defendant's designations were late, and in any event Plaintiff has not established prejudice.

The motion is DENIED.

## DEFENDANT'S MOTIONS IN LIMINE

**(1) Defendant's Motion in Limine No. 1 to Exclude Laura Parker's Impermissible Percipient Expert Opinions**

Defendant seeks to exclude percipient expert opinions of Laura Parker that were formed after she completed work on Plaintiff's claim appeal. As noted above, Plaintiff has disclosed Ms. Parker as a non-retained expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Accordingly, her testimony in this case will be limited to opinions she formed in 2015 at the time she worked on Plaintiff's claim appeal. *See Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011) ("[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."). Testimony regarding after-the-fact opinions is inadmissible. *See id.*

The motion is GRANTED with respect to the following deposition testimony, which reflects opinions formed by Ms. Parker after completion of her work on Plaintiff's claim appeal: 131:11-133:22; 137:8-24; 138:17-139:4; 140:5-22; 141:8-143:9; 143:11-144:15; 148:21-152:18; 152:19-153:5; 165:8-14.

The motion is DENIED with respect to the following deposition testimony: 137:25-138:16; 144:16-25; 68:18-20.[1]

The admissibility of Ms. Parker's declaration is addressed below in connection with Defendant's Motion in Limine No. 2.

**(2) Defendant's Motion in Limine No. 2 to Exclude the Declaration of Laura Parker**

Defendant moves to exclude Laura Parker's declaration dated September 20, 2016. The declaration is hearsay under Federal Rule of Evidence 801 and it is not subject to any of the exceptions listed in Federal Rules of Evidence 803, 804, or 807. Plaintiff argues that the declaration is not hearsay because Ms. Parker "reaffirmed and readopted her 2016 Declaration in full during her deposition," thus putting her declaration on the same footing as her deposition

---

[1] At the Final Pretrial Conference, counsel presented argument regarding the admissibility of deposition testimony at pages 162-163 of the transcript. That testimony was not identified in Defendant's motion and is not addressed in this order.

8

1    testimony. Plaintiff has not cited, and the Court has not discovered, any legal authority for the

2    proposition that a deponent may render a hearsay declaration admissible by "reaffirming and

3    readopting" it during deposition. Even if such a rule existed, the Court would conclude that Ms.

4    Parker's very general affirmation of her declaration was insufficient to incorporate the declaration

5    into her deposition, particularly since Ms. Parker testified that the declaration was drafted by

6    counsel. Further, portions of the declaration conflict with Ms. Parker's deposition testimony.

7    Accordingly, the motion to exclude the entire declaration as hearsay is GRANTED.

8    As an alternative basis for exclusion, the Court concludes that numerous paragraphs of the deposition are inadmissible after-the-fact opinions which were formed after Ms. Parker completed her work on the claim appeal and were developed for the purpose of this litigation. In making this ruling, the Court is mindful that Ms. Parker's execution of the declaration in 2016 is not conclusive evidence that she formed the opinions contained therein in 2016. *See Everett v. Am. Gen. Life Ins. Co.*, 703 F. App'x 481, 483 (9th Cir. 2017) ("The fact that Dr. Seale wrote an opinion about events that occurred a year earlier is not conclusive evidence that he formed the opinion when he wrote it down."). The alternative ruling is directed only toward those paragraphs reflecting opinions formed after completion of Ms. Parker's work on the claim appeal in 2015.

17   On this alternative basis, the motion is GRANTED as to paragraphs 8, 9, 10, 12, 13, 14, 16, 17, and 18 of the declaration.

19   **(3)    Defendant's Motion in Limine No. 3 for Bifurcation under Fed. R. Civ. P. 42(b)**

20   Defendant asks the Court to exercise its discretion under Federal Rule of Civil Procedure 42(b) to bifurcate the trial into three phases relating to (1) breach of contract, (2) tortious bad faith and punitive damages liability, and (3) amount of punitive damages (if any). *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

26   The motion is GRANTED IN PART AND DENIED IN PART. The Court will bifurcate the trial such that all issues other than the amount of punitive damages will be addressed in Phase I, and the amount of punitive damages (if any) will be addressed in Phase II.

9

**(4) Defendant's Motion in Limine No. 4 to Exclude Testimony of Plaintiff's Real Estate Expert, Daniel Fitzpatrick**

Defendant moves to exclude the testimony of Plaintiff's real estate expert, Daniel Fitzpatrick, under Federal Rule of Evidence 702 and *Daubert*. One of Plaintiff's damages theories is that Defendant's refusal to pay on his insurance claim deprived him of the cash needed to do a remodel before selling his home, and that as a result he lost out on an increase of the sale price which would have resulted from the remodel. Plaintiff offers Mr. Fitzpatrick's testimony as to the lost increase in sales price resulting from Defendant's failure to pay Plaintiff's insurance claim.

Defendant's challenge requires the Court to evaluate the relevance and reliability of Mr. Fitzpatrick's testimony. *Daubert*, 509 U.S. at 589. The proffered testimony is relevant to Plaintiff's claims, as it goes directly to one of his theories of damages. Moreover, the Court is satisfied that Mr. Fitzpatrick, an attorney with extensive experience in the area of real estate, is qualified to offer opinions regarding real estate values. Mr. Fitzpatrick's methodology involved looking at comparable homes in the same zip code which (a) had renovated kitchens and baths and (b) sold close in time to the sale of Plaintiff's home. Mr. Fitzpatrick testified that it is accepted industry knowledge that comparables generally are the best way to determine the resale benefit of a remodel. Defendant asserts that Mr. Fitzpatrick's methodology is unreliable, relying on its own expert's opinion that it is inappropriate to use comparables to determine the value that remodeling projects would add to a home's value. The fact that the parties' experts disagree as to the most appropriate methodology does not render Mr. Fitzpatrick's opinions inadmissible. Rather, the disagreement presents a classic battle of the experts which must be resolved by the jury.

Accordingly, the Court will deny Defendant's motion with one exception. Mr. Fitzpatrick made a factual error in rendering his opinions, stating that Plaintiff's home had only 2 bathrooms and that the addition of a half-bath would have increased the sale price. The home had two and a half bathrooms when it sold. To the extent Mr. Fitzpatrick's opinions are grounded in the assumption that the home had only two bathrooms when it sold, the opinions are unreliable.

The motion is DENIED except as to opinions grounded in the mistaken assumption that Plaintiff's home had only two bathrooms when it sold.

10

**(5) Defendant's Motion in Limine No. 5 to Exclude Evidence of Consequential Damages Relating to Plaintiff's Sale of His Home**

Defendant moves to exclude all evidence in support of Plaintiff's damages theory relating to the sale of his home. Defendant argues that Plaintiff cannot establish a causal connection between Defendant's denial of his claim and the lost sales value which Plaintiff asserts he would have recouped if he had been able to afford a remodel prior to selling. Defendant likewise argues lack of causation between its claim denial and income that Plaintiff asserts he lost because he had to spend time staging his home. "Causation is generally a question of fact for the jury." *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981). Defendant's motion is more akin to a motion for partial summary judgment, which is untimely. The Court therefore will deny the motion, except with respect to Mr. Fitzpatrick's opinions based on the home containing only two bathrooms, as discussed above.

The motion is DENIED except as to Mr. Fitzpatrick's opinions grounded in the mistaken assumption that Plaintiff's home had only two bathrooms when it sold.

**(6) Defendant's Motion in Limine No. 6 to Exclude Evidence from Unimerica Witnesses Regarding After-The-Fact Policy Interpretation**

Defendant moves to exclude statements from its own representatives regarding the meaning of policy provisions. Defendant is particularly concerned with the testimony of Judianne Demers, who was deposed as Defendant's representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Ms. Demers testified regarding the meaning of some policy terms. Defendant argues that Ms. Demers' opinions on this subject are irrelevant because policy interpretation is the exclusive province of the Court.

Because Ms. Demers was deposed as Defendant's Rule 30(b)(6) witness, her statements constitute party admissions. Moreover, questions as to how Defendant applies certain policy provisions (rather than questions as to what certain policy provisions mean) would be permissible.

The motion is DENIED.

**(7) Defendant's Motion in Limine No. 7 to Exclude Prior Court Opinions or Judgments**

Defendant moves to exclude prior court opinions or judgments involving witnesses in this

case. Plaintiff did not object at the hearing to exclusion of this evidence in his case in chief.

The motion is GRANTED except as to use of such opinions or judgments for purposes of impeachment.

**(8) Defendant's Motion in Limine No. 8 to Exclude Evidence or Argument Regarding Claims of Post-Litigation Bad Faith**

Defendant moves to exclude any evidence or argument regarding claims of post-litigation bad faith on the basis that Plaintiff never supplemented his discovery responses to disclose Defendant's post-litigation conduct as a basis for his bad faith claim. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to supplement disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). If a party fails to supplement disclosures or responses as required by Rule 26(e), the party may not use the information at trial unless the failure was substantially justified or is harmless, or unless the Court orders otherwise. Fed. R. Civ. P. 37(c)(1). Plaintiff first raised the issue of Defendant's post-litigation conduct in his opposition to Defendant's motion for summary judgment, after the close of fact and expert discovery. Accordingly, Plaintiff is precluded from asserting post-litigation bad faith in this lawsuit.

The motion is GRANTED.

At the hearing, Plaintiff's counsel queried whether evidence of post-litigation bad faith would be admissible in connection with Plaintiff's UCL claim. The Court deferred ruling on that issue.

**(9) Defendant's Motion in Limine No. 9 to Exclude All Evidence Related to Communications, Negotiations, or Settlement Discussions Conducted in the Course of the Mediation**

Defendant moves to exclude evidence related to settlement discussions. Plaintiff does not oppose the motion.

The motion is GRANTED.

**(10) Defendant's Motion in Limine No. 10 to Exclude Reference to Unum or its Affiliates**

Defendant moves to exclude any reference to Unum Life Insurance Company of America ("Unum"), which was the issuing insurer when Plaintiff obtained the policy in 2002, or Unum's affiliates. According to Defendant, certain Unum entities have received negative publicity regarding their claims handling practice, such that reference to Unum entities could bias the jury against Defendant. Plaintiff disclaims any intention of questioning witnesses regarding Unum entities, but he points out that certain documents in the record bear the name "Unum."

The motion is GRANTED as to questioning and testimony regarding Unum, but the name "Unum" will not be redacted from any documents introduced into evidence.

**(11) Defendant's Motion in Limine No. 11 to Preclude Evidence of Unimerica's and United Healthcare's Size, Geographic Scope, Assets, Capitalization and Profits**

Defendant moves to preclude evidence of its size, geographic scope, assets, capitalization, or profits on the ground that such evidence would be irrelevant under Federal Rules of Evidence 401 and 402, and that the probative value of such evidence would be outweighed by its prejudicial effect under Federal Rule of Evidence 403.

The motion is GRANTED with respect to Phase I of the trial, addressing liability. The evidence will not be relevant unless and until the trial reaches Phase II, addressing punitive damages.

**(12) Defendant's Motion in Limine No. 12 Regarding Objections to Designated Deposition Testimony**

Defendant seeks rulings regarding numerous objections to Plaintiff's designated deposition testimony. The motion is DEFERRED. The Court will address both parties' objections to deposition testimony on February 23, 2018.

Dated: February 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge