**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IOANNIS KANELLAKOPOULOS, <br> Plaintiff, <br> v. <br> UNIMERICA LIFE INSURANCE COMPANY, <br> Defendant. | Case No. 15-cv-04674-BLF <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW RE PLAINTIFF'S UCL CLAIM** <br><br> [Re: ECF 266] |

## I. INTRODUCTION

Dr. Ioannis Kanellakopoulos, the plaintiff in this action, filed suit against Defendant Unimerica Life Insurance Company in October 2015, alleging that Unimerica wrongfully denied him benefits under a catastrophic disability policy. Compl., ECF 1. The complaint asserts claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing (insurance bad faith), and (3) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*. *Id*.

A jury trial was held on Claims 1 and 2, for breach of contract and bad faith, respectively. The jury found that Dr. Kanellakopoulos did not suffer a loss which was covered under the Unimerica policy, which was dispositive of both Claims 1 and 2. Jury Verdict Form, ECF 247.

A bench trial was held on Claim 3, for violation of the UCL. The parties did not present additional testimony or evidence at the bench trial, instead briefing and arguing the UCL claim based on evidence which was presented during the jury trial. Having considered the briefing of the parties, the oral argument of counsel presented on August 2, 2018, and the record evidence, the Court issues the following findings of fact and conclusions of law with respect to the UCL claim.

## II. LEGAL STANDARD

"In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). "The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." *Id.* "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6).

"One purpose behind Rule 52(a) is to aid the appellate court's understanding of the bases of the trial court's decision." *Simeonoff v. Hener*, 249 F.3d 883, 891 (9th Cir. 2001) (internal citations omitted). "The district court is not required to base its findings on each and every fact presented at trial." *Id.*

## III. FINDINGS OF FACT

### A. Insurance Policy

1. Dr. Kanellakopoulos, who has a Ph.D. in electrical engineering, has held several high-level positions at Silicon Valley companies. Trial Tr. 156:22, 161:9-11, 166:11-24, ECF 250.

2. Dr. Kanellakopoulos purchased a private catastrophic disability policy from Unum Life Insurance Company of America in 2002. Trial Tr. 293:9-11, ECF 251; Policy, CERT 0002.

3. The policy was transferred to Defendant Unimerica in 2007. Policy, CERT 0002.

4. Dr. Kanellakopoulos paid all required premiums under the policy. Trial Tr. 99:22-100:1, ECF 250.

5. The policy provides a monthly benefit of $10,000, subject to a 60-day elimination period, up to age 65. Policy, CERT 0003.

6. The policy also provides a lump sum benefit of $100,000 after a 180-day elimination period. Policy, CERT 0003.

7. To satisfy an elimination period, the insured must suffer from a continuing catastrophic disability for the entire elimination period. Policy, CERT 0006.

8. The insured is disabled under the policy if he or she is "Catastrophically Disabled" as a result of injury or sickness. Policy, CERT 0006.

9. The policy defines the term "Catastrophically Disabled" as follows:

> **Catastrophically Disabled**: We determine that, due to Disability that begins while You are covered under this Benefit, You:
>
> 1. have lost the ability to safely and completely perform two or more Activities of Daily Living without another person's active assistance or verbal cueing; or
>
> 2. are Cognitively Impaired and need another person's assistance or verbal cueing for Your protection or for the protection of others.

Policy, CERT 0005, ECF 75-2.

10. The policy defines the term "Cognitively Impaired" as follows:

> **Cognitively Impaired**: a deficiency in short or long-term memory, orientation as to person, place and time, deductive or abstract reasoning, or judgment as it relates to safety awareness. The impairment must be measurable according to generally accepted medical standards.

Policy, CERT 0005.

### B. Insurance Claim and Claim Denial

11. Dr. Kanellakopoulos submitted a claim for benefits to Unimerica in August 2014, asserting that he had been catastrophically disabled under the terms of the policy for the period December 29, 2011 through June 26, 2014. Trial Tr. 301:8-306:14, ECF 251.

12. Dr. Kanellakopoulos claimed that his catastrophic disability resulted from biopolar disorder and its symptoms. Trial Tr. 306:4-14, ECF 251.

13. Unimerica assigned the claim to Stephanie Foley, a disability benefits specialist. Trial Tr. 1144:21-25, ECF 255.

14. Ms. Foley determined that Dr. Kanellakopoulos had not been catastrophically disabled under the terms of the policy. Trial Tr. 1216:12-17, ECF 256.

15. Ms. Foley's determination was approved by her supervisor, Jeff Weeks. Trial Tr. 1216:12-17, ECF 256.

16. Ms. Foley notified Dr. Kanellakopoulos of the claim denial by letter dated January

15, 2015. Trial Tr. 1216:18-1217:2, ECF 256.

17. Dr. Kanellakopoulos requested and received a copy of his policy and claim file. Trial Tr. 1256:1-4, ECF 256.

18. Dr. Kanellakopoulos appealed the claim denial by letter dated March 23, 2015, requesting that his claim be evaluated by different decision-makers. Claim Appeal, CF 0606.

19. Unimerica assigned Dr. Kanellakopoulos' administrative appeal to Laura Parker, a disability insurance appeals specialist retained through a third party. Trial Tr. 1303:1-1304:19, ECF 256.

20. Ms. Parker determined that the original claim denial was correct. Trial Tr. 344:5-13, ECF 251.

21. Ms. Parker notified Dr. Kanellakopoulos of the denial of his appeal by letter dated June 8, 2015. Trial Tr. 344:5-13, ECF 251.

**C.  This Lawsuit**

22. Dr. Kanellakopoulos filed the complaint in this action on October 8, 2015. Compl., ECF 1.

23. The complaint asserts claims for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing (insurance bad faith), and (3) violation of California's UCL, California Business and Professions Code § 17200 *et seq*. Compl., ECF 1.

24. A jury trial was held on the contract and bad faith claims, commencing with jury selection on February 23, 2018 and concluding when the jury rendered its verdict on March 20, 2018. Minute Entry dated 2/23/18, ECF 221; Minute Entry dated 3/20/18, ECF 246; Jury Verdict Form, ECF 247.

25. After a two-week trial, guided by skilled counsel and supported by extensive pretrial discovery, presentation of qualified expert opinions, and lengthy testimony by Dr. Kanellakopoulos, the jury unanimously determined that Dr. Kanellakopoulos did not suffer a loss which was covered under the policy. Trial Tr., ECF 249-260; Jury Verdict Form, ECF 247.

26. The Court agreed with virtually every interpretation of the policy offered by Dr. Kanellakopoulos and so instructed the jury. *See* Jury Instructions, ECF 240.

4

## IV. CONCLUSIONS OF LAW

### A. The Jury's Findings Foreclose a UCL Claim Based on Insurance Bad Faith

1. "In a case like this one, where legal claims tried by the jury and equitable claims tried by the court are based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." *Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011).

2. The jury's finding that Dr. Kanellakopoulos did not suffer a covered loss entitles Unimerica to judgment on Claim 1 for breach of contract. *See Bell Gardens Bicycle Casino v. Great Am. Ins. Co.*, 124 F. App'x 551, 553 (9th Cir. 2005) (summary judgment properly granted for defendant insurer on breach of contract claim where no benefits were due to plaintiff insured under the policy).

3. The jury's finding that Dr. Kanellakopoulos did not suffer a covered loss also entitles Unimerica to judgment on Claim 2 for insurance bad faith. *See Bell Gardens*, 124 F. App'x at 553 ("[A]n action for bad faith may not be maintained where no policy benefits are due").

4. In the parties' Joint Pretrial Statement Re: UCL Claim, Dr. Kanellakopoulos identified the disputed legal issues regarding Claim 3, for violation of the UCL, as follows:

   a. Interpretation of the policy;

   b. Whether Defendant's denial of Plaintiff's benefits under the policy was a breach of contract;

   c. Whether Defendant's denial of benefits under the policy was unreasonable, breaching the covenant of good faith and fair dealing implicit in the contract;

   d. Whether Defendant unreasonably failed to fully investigate Plaintiff's claim, breaching the covenant of good faith and fair dealing implicit in the contract;

   e. Whether Defendant's continuing denial of benefits under the policy is unreasonable, breaching the covenant of good faith and fair dealing implicit in the contract; and

   f. *Whether Defendant's alleged breach of the covenant of good faith and fair dealing implicit in the contract constitutes a violation of §17200.*

   Joint Pretrial Statement Re: UCL Claim, ECF 147 (emphasis added).

5. The Court approved and adopted the parties' Joint Pretrial Statement Re: UCL Claim, precluding the parties from presenting claims or defenses at trial which are not set forth in their Joint Pretrial Statement. *See* Order Approving and Adopting, ECF 226.

6. Claim 3, for violation of the UCL, thus is expressly based on and limited to Unimerica's alleged breach of the covenant of good faith and fair dealing.

7. Because the jury's findings entitle Unimerica to judgment on Claim 2 for breach of the covenant of good faith and fair dealing, they also entitle Unimerica to judgment on Claim 3 for violation of the UCL based on Unimerica's alleged breach of the covenant of good faith and fair dealing.

**B. The Jury's Findings Foreclose any UCL Claim because they Establish No Injury in Fact**

8. Even though the parties' Joint Pretrial Statement Re: UCL Claim clearly restricts his UCL claim to Unimerica's alleged breach of the covenant of good faith and fair dealing, Dr. Kanellakopoulos argues that he may pursue a UCL claim based on a theory that Unimerica's claims handling practices violate the Unfair Insurance Practices Act ("UIPA"), California Insurance Code § 790.03. *See* Plaintiff's Motion for Judgment at 6, ECF 266. That argument is without merit in light of the California Supreme Court's holding that "Private UIPA actions are absolutely barred; a litigant may not rely on the proscriptions of section 790.03 as the basis for a UCL claim." *Zhang v. Superior Court*, 57 Cal. 4th 364, 384 (2013).

9. It is true that "when insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie." *Zhang*, 57 Cal. 4th at 384. This is because "[t]he Legislature did not intend the UIPA to operate as a shield against any civil liability." *Id.* However, the only "obligations imposed by other statutes or the common law" identified by Dr. Kanellakopoulos are those obligations imposed by the insurance policy and the implied covenant of good faith and fair dealing. For the reasons discussed above, the jury's findings are dispositive of Dr. Kanellakopoulos' claims based on Unimerica's alleged breach of the policy and alleged breach of the implied covenant of good faith and fair dealing, and thus neither can support a UCL claim.

6

10. Even assuming that Unimerica's claims handling process was deficient, Dr. Kanellakopoulos cannot show injury in fact caused by that deficiency. A plaintiff seeking relief under the UCL must allege that he or she "has suffered injury in fact and has *lost money or property as a result of the unfair competition*." Cal. Bus. & Prof. Code § 17204 (emphasis added); *see also Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 323 (2011). Dr. Kanellakopoulos asserts that he was deprived of a claims process guided by proper interpretation and application of key terms of the policy. However, the trial gave him just that. Dr. Kanellakopoulos was given every opportunity to present evidence to the jury showing that he suffered a catastrophic disability within the meaning of the policy, and the jury was instructed consistently with virtually every policy interpretation offered by Dr. Kanellakopoulos. Dr. Kanellakopoulos nonetheless failed to persuade the jury that he suffered a covered loss.

11. Because Dr. Kanellakopoulos did not suffer a covered loss, he was not entitled to policy benefits, and thus he could not have suffered injury from Unimerica's claim denial even if the denial resulted from Unimerica's deficient claims handling practices.

12. Dr. Kanellakopoulos argues that he may maintain a UCL claim on the theory that he paid policy premiums in exchange for adequate claims handling practices and did not receive adequate claims handling practices. Dr. Kanellakopoulos has not cited, and this Court has not discovered, any authority supporting this theory of UCL liability in the insurance context. Applying ordinary contract principles to the face of the policy, Dr. Kanellakopoulos paid premiums for coverage in the event he suffered a catastrophic disability within the terms of the policy. *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992) ("While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply."). Absent binding or persuasive authority to the contrary, the Court concludes that under these circumstances Dr. Kanellakopoulos cannot prevail on a UCL claim where a jury has determined that he did not suffer a loss which was covered under the policy.

13. Dr. Kanellakopoulos would have this Court ignore the jury's verdict and instead review the claims handling process in a vacuum. That would be tantamount to allowing suit under the UCL to test the claims process by an insured who either has made no claim or was successful

7

in obtaining benefits. Neither is permitted under the injury in fact requirement of California Business & Professions Code § 17204.

14. With respect to Dr. Kanellakopoulos' request for injunctive relief to require that Unimerica use adequate claims handling procedures in the future, the UCL simply does not allow an anticipatory suit to flush out possible deficiencies in a claims process that someday may be utilized by the insured. Dr. Kanellakopoulos has cited no authority supporting his position.

15. Based on the foregoing reasons, the Court finds that Unimerica is entitled to judgment on Claim 3 for violation of the UCL. Accordingly, Dr. Kanellakopoulos is not entitled to the equitable relief of restitution or injunction requested under the UCL.

## V. ORDER

(1) Consistent with the findings of fact and conclusions of law set forth above, the Court finds FOR Unimerica and AGAINST Dr. Kanellakopoulos on Claim 3, asserting violation of California's UCL;

(2) Dr. Kanellakopoulos' Rule 52(a) motion for judgment on Claim 3 therefore is DENIED; and

(3) Because this order concludes this action in its entirety as to all parties and all claims, the Court enters final judgment pursuant to Federal Rule of Civil Procedure 58 concurrently with this order.

Dated: October 17, 2018

BETH LABSON FREEMAN
United States District Judge